In the Criminal Complaint, Defendant Melquan Barnett has been charged with arson in violation of 18 U.S.C. § 844(i).  Although arson is not one of the crimes specifically identified in 18 U.S.C. § 3142(e)(3), the Government argued that a rebuttable presumption of detention arose under the Bail Reform Act because arson is a "crime of violence." 18 U.S.C. § 3142(f)(1)(A)3; *United States v. Byrd*, 969 F.2d 106 (5th Cir.1992) (unless otherwise authorized in the Bail Reform Act, the Act precludes a defendant's detention on the basis of his release poses a danger to the community unless the crime charged is a "crime of violence.").[1]  Arguments of both counsel focused on whether an offense under the federal arson statute, 18 U.S. C. §844(i), is a "crime of violence" punishable by a term of incarceration of ten or more years triggering the presumption that no condition or combination of conditions will reasonably assure the safety of the public.

Based upon the weight of authority, the Court finds that the arson offense charged in the Criminal Complaint is a crime of violence triggering the presumption.  *See, e.g., United States v. Mitchell*, 23 F.3d 1 (1st Cir. 1994) (arson is a crime of violence).  *See also United States v. Rivera-Febres*, 2007 WL 4287515, at *1 (D.P.R. Dec. 4, 2007); *United States v. Hersom*, 2007 WL 1306441, at *1 (D. Me. May 2, 2007); *United States v. Marzullo*, 780 F. Supp. 658, 659 (W.D. Mo. 1991) (holding arson to be crime of violence for purposes of detention pending sentencing).  Arson threatens both life and property.  Here, the Defendant is charged with setting fire to a local coffee shop on the ground floor of a building which contained multiple apartment units above.  The Court further finds that the Defendant's proffer, which involved little more than offering Defendant's mother as a custodian, is

---

[1] Title 18 U.S.C. § 3142(f)(1)(A) provides:
(f) Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
(1) upon motion of the attorney for the Government, in a case that involves—
(A) *a crime of violence*, ....
18 U.S.C. § 3142(f)(1)(A) (emphasis added).

insufficient to rebut the presumption. Accordingly, the Court finds that applicable law requires an Order of Detention in this matter.